[Cite as *State v. Echols*, 2024-Ohio-2697.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Andrew J. King, J. |
| -vs- | |
| | Case No. 2023 CA 00032 |
| CLIFFORD ECHOLS | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:      Appeal from the Licking County Municipal Court, Case No. 22CRB00891

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      July 15, 2024

APPEARANCES:

For Plaintiff-Appellee

AMY S. DAVISON
Newark City Law Director
40 W. Main Street
Newark, Ohio 43055

For Defendant-Appellant

BRIAN W BENBOW
Benbow Law Offices, LLC
803 Taylor Street
Zanesville, Ohio 43701

*Hoffman, J.*

**{¶1}**  Defendant-appellant Clifford Echols appeals the judgment entered by the Licking County Municipal Court convicting him following jury trial of one count of menacing by stalking in violation of R.C. 2903.211, three counts of telecommunication harassment in violation of R.C. 2917.21(B)(1), and one count of telecommunication harassment in violation of R.C. 2917.21(B)(2), and sentencing him to 180 days in jail.  Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}**  David Mosser has worked for Amazon for seven years, initially as a loss prevention manager, and later as security program manager.  Appellant was formerly employed by the Amazon facility in Etna, Ohio.  Although Mosser never met Appellant, Mosser's job duties included creating and maintaining employee identification badges.  Therefore, Mosser knew what Appellant looked like from making badges.  Mosser investigated Appellant one time for workplace violence, which occurred after Appellant's employment had been terminated.  Mosser testified for the State at a previous criminal trial against Appellant, which was ultimately dismissed.

**{¶3}**  In May of 2022, 95% of Mosser's work for Amazon was performed remotely from his home in Heath, Ohio.  On May 24, 2022, Mosser received a phone call from an unknown number in the 740 area code.  When Mosser answered, the caller identified himself as Appellant, and said, "Next time I see you, I'll beat your ass."  Tr. 42.  Mosser received text messages from the same number, which referenced "205 Green," Mosser's previous home address.  The texts threatened someone was going to die, and he would have to hurt someone.  The texts also referenced Appellant's belief Amazon and Mosser owe him money for violating his rights.  One text included a screen shot of a DVD labeled,

"Jury Trial April 24, 2021," taken from an Instagram account named "smb_weightgain." The profile picture of "smb_weightgain" is a picture of Appellant.

{¶4} Mosser also had an Instagram hobby page. Shortly after receiving these texts, he was notified of several postings on his Instagram page from an account named "dayoke_." The message contained a photograph of a masked person, stating, "were watching better do the rite thing." Mosser also received a text from the same number the person who identified himself as Appellant called from, with a screenshot of Mosser's Instagram hobby page, and a message, "Want to make sure your getting my messages." State's Ex. 3.

{¶5} Mosser reported the contacts to his supervisor at Amazon, Will Hampton, who called the Licking County Sheriff's Department. On May 26, 2022, Deputy Matthew Maddux called the telephone number provided by Mosser. Deputy Maddox asked the person who answered if he was Clifford Echols. Although not identifying himself, the person who answered asked Deputy Maddux if he had his money. When the deputy responded he did not, the person hung up.

{¶6} Mosser received a direct Instagram message from the "dayoke" account, which stated, "[Y]ou thought this was over no David we have the rest of our life rest of your life to play and you obviously know how I get welcome to my world." State's Exhibit 3. Another direct message on Instagram stated if the sender catches Mosser before his mind is at peace, he would take it all out on Mosser. Mosser received another Instagram message from "smb_weightgain" which stated, "[I]f you don't get my money I'm working on sending you and your friends to prison how do you think your family and peers are going to react when they find out what you did I warned y'all the first time and I'll do it

again god doesn't like ppl fucking with me and your going to get fucked over for thinking I'm dumb. Get my money." State's Exhibit 4. The final communication Mosser received was a text message from the number associated with Appellant on May 30, 2022, which stated, "David Will you work in such a large building how do you know who's there for YOU that's your job though right BE CAREFUL." Tr. 62. Appellant's Instagram account included posts threatening the deputies involved in his 2021 case, and claiming Mosser lied in his previous trial.

{¶7} As a result of these messages, Mosser obtained a civil protection order and purchased firearms to protect himself and his family from Appellant.

{¶8} Appellant was charged with four counts of telecommunication harassment and one count of menacing by stalking. The case proceeded to jury trial in the Licking County Municipal Court.

{¶9} At trial, Appellant denied telephoning and texting Mosser, and claimed numerous people had access to his Instagram accounts, and knew of his claims against Amazon. However, Appellant also testified he did not intend to threaten Mosser, he simply wanted to sue Mosser, Amazon, and the State. He testified the way he talks is aggressive, and if Mosser took the things he said out of context, he apologized.

{¶10} The jury found Appellant guilty on all counts. Appellant was convicted and sentenced to 180 days in jail. It is from the April 11, 2023 judgment of conviction and sentence Appellant prosecutes his appeal, assigning as error:

I. THE CONVICTION FOR TELECOMMUNICATIONS HARASSMENT WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

II. THE CONVICTION FOR MENACING BY STALKING WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

{¶11} At the outset, we note in his reply brief Appellant argues as to both assignments of error, the evidence was insufficient to identify him as the sender of the texts and Instagram messages because the messages themselves were inadmissible due to lack of proper authentication. Appellant did not separately assign error to the admissibility of the messages, as required by App. R. 12(A), which provides, "The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App. R. 16(A)." In addition, a party may not advance new arguments in its reply brief. *See, e.g., Clifton Care Ctr. v. Ohio Dept. of Job & Family Servs.,* 2013-Ohio-2742, ¶13 (10th Dist.). We find the issue of the admissibility of the State's Exhibits was not properly raised by Appellant, and will not be considered by this Court.

I.

{¶12} Appellant argues the judgment convicting him of telecommunication harassment is against the manifest weight and sufficiency of the evidence. Appellant specifically argues the State failed to prove he sent the messages with the intent to abuse,

threaten, or harass Mosser, a person he did not know and had not met in person. He argues the purpose of the communications related to a financial dispute between Appellant and Amazon, the posts on Instagram were public posts and not directed to Mosser, and his use of offensive language is protected by the First Amendment.

**{¶13}** Appellant was convicted of three counts of telecommunication harassment in violation of R.C. 2917.21(B)(1), and one count of telecommunication harassment in violation of R.C. 2917.21(B)(2):

> (B)(1) No person shall make or cause to be made a telecommunication, or permit a telecommunication to be made from a telecommunications device under the person's control, with purpose to abuse, threaten, or harass another person.

> (2) No person shall knowingly post a text or audio statement or an image on an internet web site or web page for the purpose of abusing, threatening, or harassing another person.

**{¶14}** An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks,* 61 Ohio St. 3d 259, paragraph two of the syllabus (1991).

**{¶15}** In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record,

weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 1997-Ohio-52, *quoting State v. Martin*, 20 Ohio App. 3d 172, 175 (1st Dist. 1983).

**{¶16}** Appellant cites this Court to *State v. Shuck*, 2020-Ohio-6989 (9th Dist.), in which the court found insufficient evidence of the defendant's intent to abuse, threaten, or harass the mother of his child. The court concluded although the defendant had used a distasteful racial epithet, the message itself that the mother of his child and his aunt "will never get anything" was vague, devoid of specificity, and it could not be inferred from the message the defendant's purpose was to abuse, threaten, or harass. *Id.* at ¶19.

**{¶17}** In the instant case, the State presented evidence a man who identified himself as Appellant called Mosser, threatening to "beat his ass." Shortly thereafter, Mosser received texts from the same number, and direct Instagram messages referring to Mosser's former home address, stating someone was going to die. The texts also referenced Appellant's belief Amazon and Mosser owe him money for violating his rights. One text included a screenshot of a DVD labeled, "Jury Trial April 24, 2021," taken from an Instagram account named "smb_weightgain." The profile picture of "smb_weightgain" is a picture of Appellant.

**{¶18}** Mosser also had an Instagram hobby page. Shortly after receiving these texts, he was notified of several postings on his Instagram page from an account named "dayoke_." The message contained a photograph of a masked person, stating, "were watching better do the rite thing." Mosser received a direct Instagram message from the

"dayoke" account, which stated, "[Y]ou thought this was over no David we have the rest of our life rest of your life to play and you obviously know how I get welcome to my world." State's Exhibit 3. Another direct message on Instagram stated if the sender catches Mosser before his mind is at peace, he would take it all out on Mosser. Mosser received another Instagram message from "smb_weightgain" which stated, "[I]f you don't get my money I'm working on sending you and your friends to prison how do you think your family and peers are going to react when they find out what you did I warned y'all the first time and I'll do it again god doesn't like ppl fucking with me and your going to get fucked over for thinking I'm dumb. Get my money." State's Exhibit 4. The final communication Mosser received was a text message on May 30, 2022, which stated, "David Will you work in such a large building how do you know who's there for YOU that's your job though right BE CAREFUL." Tr. 62. Mosser also received a text from the same number the person who identified himself as Appellant called from, with a screenshot of Mosser's Instagram hobby page, and a message, "Want to make sure your getting my messages." State's Ex. 3.

{¶19} Unlike the vague message in *Shuck*, we find from the direct threats in the messages Appellant sent to Mosser via text and Instagram, a rational trier of fact could conclude Appellant's purpose was to threaten, abuse or harass Mosser.

{¶20} Appellant's Instagram account included posts threatening the deputies involved in his 2021 case, and claiming Mosser lied in his previous trial. Although Appellant argues Mosser sought out these messages and they were not directly sent to Mosser, R. C. 2917.21(B)(2) does not require the message to be sent directly the person,

but rather only requires the message knowingly be posted on internet web site or web page for the purpose of abusing, threatening, or harassing another person.

**{¶21}** While Appellant argues generally his use of language some might find offensive is protected speech under the First Amendment. However, threats which intimidate or cause fear or apprehension by the recipient are unprotected by the First Amendment." *See, eg., Miller v. Leone,* 2024-Ohio-1325 (7th Dist.), ¶ 33. We find the charges in the instant case related to threatening language, and not to Appellant's use of offensive language.

**{¶22}** We find the State presented sufficient evidence from which a rational trier of fact could find Appellant guilty of telecommunication harassment.

**{¶23}** As to Appellant's claim the judgment is against the manifest weight of the evidence, while Appellant did not admit to sending the messages or making the Instagram posts himself, he also apologized to Mosser, claiming he did not intend to threaten Mosser, but only referenced his intention to sue Mosser, Amazon, and the State. We find the jury did not lose its way in concluding Appellant sent the communications via text and Instagram with the intention of threatening, harassing, or abusing Mosser, and the judgment is not against the manifest weight of the evidence.

**{¶24}** The first assignment of error is overruled.

II.

**{¶25}** In his second assignment of error, Appellant argues the evidence is insufficient to demonstrate he committed the offense of menacing by stalking because the State failed to prove Appellant engaged in a pattern of conduct, and failed to prove Appellant threatened to cause the victim physical harm or mental distress.

**{¶26}** Appellant was convicted of one count of menacing by stalking in violation of R.C. 2903.211:

(A)(1) No person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or a family or household member of the other person or cause mental distress to the other person or a family or household member of the other person. In addition to any other basis for the other person's belief that the offender will cause physical harm to the other person or the other person's family or household member or mental distress to the other person or the other person's family or household member, the other person's belief or mental distress may be based on words or conduct of the offender that are directed at or identify a corporation, association, or other organization that employs the other person or to which the other person belongs.

**{¶27}** The State presented evidence a man who identified himself as Appellant called Mosser and threatened to beat him up. Throughout the next week, Mosser received text messages from the same number, as well as direct Instagram messages from an account bearing Appellant's picture and a second Instagram account. The messages were similar in nature, referring repeatedly to demanding money for a violation of civil rights, stating this would not end until the sender received money for what occurred

in his previous court trial.  The call and messages continued over a period of a week, establishing a pattern of conduct.

**{¶28}** The messages referred to Mosser's prior home address, and threatened physical harm to Mosser.  Mosser testified he obtained a protection order and purchased firearms to protect his family because of Appellant's threats.  In his own testimony, Appellant apologized to Mosser if his threats were taken out of context, claiming he meant only to threaten a lawsuit and not physical harm, but admitting he sometimes uses aggressive language not everyone understands.  We find the judgment is not against the manifest weight or sufficiency of the evidence.

**{¶29}** The second assignment of error is overruled.  The judgment of the Licking County Municipal Court is affirmed.


By: Hoffman, J.
Gwin, P.J.  and
King, J. concur